IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAY MOORE, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-492-LPS |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | : |
| Defendant. | : |

Jay Moore, Wilmington, Delaware, Pro Se Plaintiff.

Deirdre Marie Richards, Esquire, Fineman Krekstein & Harris, P.C., Philadelphia, Pennsylvania. Counsel for Defendant.

MEMORANDUM OPINION

September 12, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Jay Moore ("Plaintiff") filed this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* (D.I. 2, 14) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court are Defendant Educational Credit Management Corporation's ("Defendant") motions to dismiss, to which Plaintiff has not responded. (D.I. 11, 15) For the reasons that follow, the Court will deny the motions.

## II. BACKGROUND

The amended complaint is the operative pleading. (*See* D.I. 14) Plaintiff alleges that he was victimized by a consumer advocacy group and, in 2009, began to report dispute accounts that were appearing on his credit report. In 2012, Defendant began reporting a collection account to Equifax, Experian, and Trans Union. Plaintiff disputed the account directly to Defendant. Plaintiff continued to dispute the account directly to Defendant from 2012 through 2015. In addition, Plaintiff provided a copy of an identity theft report to Equifax, Experian, and Trans Union and disputed the collection amount reported by Defendant. Plaintiff alleges that, after receiving the disputes, Equifax, Experian, and Trans Union notified Defendant under 15 U.S.C. § 1681i of the FCRA. On June 25, 2015, Plaintiff was notified that Defendant sold the disputed collection amount to Premier Credit Collections, a third-party debt collection agency, in violation of 15 U.S.C. § 1681m(f)(1).[1]

---

[1] Section 1681m(f) prohibits the sale or transfer of debt caused by identity theft, as follows: (1) No person shall sell, transfer for consideration, or place for collection a debt that such person has been notified under section 1681c-2 of this title has resulted from identity theft; and (2) The prohibitions of this subsection shall apply to all persons collecting a debt described in paragraph (1) after the date of a notification under paragraph (1). *See* 15 U.S.C. § 1681m(f).

1

Plaintiff alleges that he attempted to acquire a mortgage but his credit score was adversely affected by the reported delinquent accounts, and he failed to meet the criteria for a favorable annual percentage rate. Plaintiff seeks damages under 15 U.S.C. § 1681o. Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

### III. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a

claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## IV. DISCUSSION

Defendant contends that the amended complaint has few relevant facts and fails to state a cause of action. In support of its motion, Defendant argues that the allegations that Plaintiff disputed the account directly to Defendant and that Defendant sold or transferred the dispute account fail to provide sufficient factual support to establish a claim.

Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information, 15 U.S.C. § 1681s-2(a), and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished, 15

3

U.S.C. § 1681s-2(b). The duties on the furnisher of the information are not imposed until the furnisher receives notice pursuant to 15 U.S.C. § 1681i(a)(2), and that notice must come from a consumer reporting agency, and not the consumer, in order for the requirements of 15 U.S.C. § 1681s-2(b) to be triggered. *See Bartell v. Dell Fin. Serv.*, 2007 WL 89157, at *3 (M.D. Pa. Jan. 8, 2007).

The amended complaint alleges that Plaintiff contacted Defendant as well as Equifax, Experian, and Trans Union and disputed his accounts. (D.I. 14 at ¶ 4, 5, 6) He also alleges that Equifax, Experian, and Trans Union properly notified Defendant of the disputes. (*Id.* at ¶ 7)

Plaintiff's failure to allege investigation is not fatal to his claim. "Courts in this Circuit have generally permitted complaints to proceed where plaintiffs allege that they notified credit reporting agencies of disputes, finding that discovery is generally necessary to evaluate whether a claim actually exists, as the claim may depend upon an act by the credit reporting agency in question." *Krajewski v. American Honda Fin. Corp.*, 557 F. Supp. 2d 609, 610 (E.D. Pa. 2008); *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 363 (E.D. Pa. 2001) (stating discovery will provide Plaintiff with necessary information to determine whether cause of action exists against creditor or solely against consumer reporting agency).

Accordingly, the Court will deny Defendant's motions to dismiss as Plaintiff has adequately pled a cause of action pursuant to 15 U.S.C. § 1681s-2(b) of the FCRA. To the extent Plaintiff attempts to raise a claim under 15 U.S.C. § 1681i, the claim fails as § 1681i does not provide a cause of action against Defendant because it applies to consumer reporting agencies, and not creditors. *See Kibbie v. BP/Citibank*, 2009 WL 2950365, at *7 (M.D. Pa. Sept. 9, 2009).

## V. CONCLUSION

For the above reasons, the Court will deny the motions to dismiss. (D.I. 11, 15) An appropriate Order follows.